**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JASON CARTER,**

                **Plaintiff,**

-vs-                                                                        Case No. 6:12-cv-706-Orl-31DAB

**ATHENA FUNDING GROUP ASSETS**
**LLC,**

                **Defendant.**

_____

## ORDER

      This matter comes before the Court on the Defendant's Motion to Dismiss Amended Complaint (Doc. 14) and the response (Doc. 15) filed by the Plaintiff, Jason Carter ("Carter"). Carter contends that the Defendant, Athena Funding Group Assets, LLC ("Athena Funding"), violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, by filing suit against him to collect on a credit card debt after the applicable statute of limitations had run.

      According to the allegations of the Amended Complaint (Doc. 9), which are accepted as true for purposes of resolving this motion to dismiss, Carter made his last payment on the credit card account on or before November 29, 2007. (Doc. 9 at 4). Athena Funding filed its collection suit against Carter on May 12, 2011. (Doc. 9 at 5). The Cardmember Agreement governing the account provides that it will be governed by Delaware law.[1] (Doc. 1-1 at 4, Doc. 9 at 4). The

---

[1] The agreement also provides that it will be interpreted in accordance with federal law, but neither party suggests that any of the issues raised in the instant motion turn on federal law.

parties agree that the applicable Delaware statute of limitations required that Athena Funding file suit against Carter no more than three years after the accrual of its cause of action.

Carter asserts that Athena Funding's causes of action accrued, at the latest, thirty days after he made his final payment – *i.e.*, in December 2007 – and therefore Athena Funding's May 2011 suit was time-barred. Athena Funding disagrees, arguing that the cause of action accrued on "the date of last activity," which is also known as the "final default date" or the date the account was closed. (Doc. 7 at 3).

Neither party has presented a case directly on point. The most analogous case appears to be *Worrel v. Farmers Bank of State of Del.*, 430 A.2d 469 (Del. 1981). In that case, after Worrel stopped making car payments, the lender repossessed the car, sold it at auction, and then sued him to recover the deficiency. *Id.* at 471. Worrel contended that the limitations period had started to run when he first missed a payment, and that the deficiency suit was therefore time-barred. *Id.* at 473. The bank argued the limitations period did not begin to run until the auction established the amount of Worrel's deficiency, and therefore the suit was timely.

The *Worrel* court rejected both of these contentions. The contract at issue in *Worrel* did not declare the entire loan balance to be due and payable upon the first instance of default, such as a missed payment. Instead, after a default, Worrel's remaining installment obligations would only become immediately due and payable when the bank exercised its option to "call" the loan. *Id.* at 474. The *Worrel* court found that, on the record before it, the first post-missed payment indication of an intent to call the loan occurred when the bank repossessed the car, and therefore it found the statute of limitations began to run upon the repossession. *Id.* at 475.

As in *Worrel*, the contract at issue here does not declare the entire debt immediately due and payable as soon as the cardholder misses a payment. The Cardmember Agreement provides that the cardholder will be considered to be in default if he or she fails to make a minimum payment, and further provides that "[i]f we consider your account to be in default, we may close your account without notice and require you to pay your unpaid balance immediately." Doc. 1-1 at 3. Accordingly, per *Worrel*, after Carter missed his payment, the statute of limitations would not have begun to run until he first received an indication that the lender was closing his account and requiring him to pay his unpaid balance immediately. The Amended Complaint does not allege that he ever received such an indication, much less that the state court collection case was filed more than three years after he received it. Accordingly, Carter has failed to state a claim.

It is hereby

**ORDERED** that the Defendant's Motion to Dismiss Amended Complaint (Doc. 14) is **GRANTED** and the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. If Carter wishes to file another amended pleading, he must do so on or before September 20, 2012. And it is further

**ORDERED** that the Defendant's Motion for Extension of Time to File a Reply (Doc. 20) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 10, 2012.

  _____
  GREGORY A. PRESNELL
  UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party